**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George Balady, Jr., ) | No. CV 12-01814-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Xerox HR Solutions, ) |  |
| Defendant. ) |  |

The court has before it defendant's motion to compel arbitration and to dismiss or, in the alternative, to stay proceedings pending arbitration (doc. 5). Plaintiff did not respond and the time for doing so has expired.

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County on July 23, 2012, alleging negligence, violation of the Occupational Safety and Health Act, and disability discrimination. Defendant contends that it has a valid arbitration agreement with plaintiff and plaintiff did not pursue alternative dispute resolution options before filing his complaint.

The Federal Arbitration Act ("FAA") governs arbitration clauses in contracts that involve interstate commerce. 9 U.S.C. § 1. There is a strong presumption in favor of arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983).

If the court determines that a valid arbitration agreement exists and it encompasses the dispute at issue, the court must enforce the agreement. <u>Lifescan, Inc. v. Premier Diabetic Servs., Inc.</u>, 363 F.3d 1010, 1012 (9th Cir. 2004). The dispute resolution plan encompasses the dispute here because it covers "any dispute or claim concerning [the employee's] application for employment or the terms and conditions of [the employee's] employment" (doc. 5, ex. 2 at 11). Plaintiff consented to the agreement. He does not argue that it is unenforceable or revocable. Therefore, enforcement is mandatory under the FAA.

Although the FAA states that an action should be stayed pending arbitration, 9 U.S.C. § 3, we have discretion to dismiss rather than stay claims. <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 638 (9th Cir. 1988). We exercise that discretion in the interest of judicial economy.

Alternatively, the failure to file a response to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). We construe the lack of a response as a concession and grant the motion to dismiss and compel arbitration summarily.

**IT IS ORDERED GRANTING** defendant's motion to compel arbitration and dismiss (doc. 5). The parties are **ORDERED** to proceed to arbitration pursuant to their agreement.

**IT IS ORDERED DENYING** defendant's motion in the alternative to stay the proceeding pending arbitration on grounds of mootness (doc. 5).

**IT IS ORDERED DISMISSING** this action without prejudice.

DATED this 20th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge